UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEANDRIS DREW,

    Plaintiff,

v.                                                        Case No. 8:20-cv-3063-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for SSI on August 29, 2017 (Tr. 283-91).[1] The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 112-42, 145-57). Plaintiff then requested an administrative hearing (Tr. 158). Per Plaintiff's request, the ALJ held a hearing at

---

[1] Plaintiff previously applied for SSI in March 2014, and an ALJ issued an unfavorable decision on June 27, 2016, denying Plaintiff's SSI applications (Tr. 86-105). The Appeals Council declined to review the ALJ's decision, thus the ALJ's decision became final (Tr. 160).

which Plaintiff appeared and testified (Tr. 41-85). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-40). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 279-82). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

> **B.   Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning January 1, 2013 (Tr. 283). Plaintiff subsequently amended his alleged onset date to August 29, 2017 (Tr. 15, 48). Plaintiff obtained a high school education (Tr. 312). Plaintiff's past relevant work experience included work as a cook helper and a kitchen helper (Tr. 78, 312). Plaintiff alleged disability due to headaches and mental health issues, including depression, worry, and stress (Tr. 311).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since August 29, 2017, the application date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: status post left upper extremity fracture with upper extremity paralysis, residual loss of motion of the left arm, and weakness of the left arm and hand; status post left lower extremity fibular fracture; bipolar I disorder; depressive disorder; adjustment disorder with depressed mood; post-traumatic stress disorder (PTSD); mild intellectual disability; and substance use disorders (cocaine and alcohol) (Tr. 17).

Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] can occasionally lift or carry 20 pounds; can frequently lift or carry 10 pounds; can sit for a period of six hours; stand for a period of six hours; walk for a period of six hours; and push/pull as much as he can lift/carry. Left overhead reach and left all other reach would be limited to frequent. [Plaintiff] can frequently handle, finger, and feel on the left. [Plaintiff] can frequently climb ramps and stairs; occasionally climb ladders, ropes[,] or scaffolds; and frequently balance, stoop, kneel, crouch, and crawl. [Plaintiff] is limited to simple, routine, and repetitive tasks, as defined by the Dictionary of Occupational Titles as a Specific Vocational Preparation (SVP) level 1 or 2. [Plaintiff] can have occasional contact with the general public. [Plaintiff] can maintain attention, concentration, persistence, and pace in two[-]hour increments throughout an eight-hour workday with normal work breaks. Furthermore, [Plaintiff] can have no fast-paced or strict quota-based work.

(Tr. 24). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 25).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 34). Given Plaintiff's background and RFC, the VE testified that

Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a small parts assembler, a hand packager, and a mail clerk (Tr. 34-35, 78-81). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 35).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R.

Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the ALJ's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the ALJ's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The ALJ's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal

analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by (1) failing to give *res judicata* effect to the RFC set forth in a prior decision and (2) failing to fully and fairly develop the record. For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. *Res Judicata*

Plaintiff first contends that the ALJ should have given *res judicata* effect to a prior RFC set forth in a hearing decision dated June 27, 2016 (the "June 2016 Decision"). Initially, in considering the application of the doctrines of law of the case, the mandate rule, and *res judicata* in the context of a Social Security appeal, the Eleventh Circuit succinctly stated:

> Generally, under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case, whether in the trial court or on a later appeal. The mandate rule requires compliance on remand with the appellate court's instructions and forecloses relitigation of any issue that the appellate court expressly or impliedly decided. Finally, *res judicata* in the administrative realm applies when an agency has made a previous determination or decision about a claimant's rights on the same facts and on the same issue or issues, and that previous determination or decision becomes final by either administrative or

> judicial action. For any of these doctrines to bar relitigation of an issue, an earlier decision must be extant.

*Zuniga v. Comm'r of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019) (internal citations, quotations, and marks omitted).[2] Under the doctrine of the law of the case, courts are precluded from revisiting issues that were already decided, including issues decided explicitly or by necessary implication. *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019) (citations omitted). The mandate rule requires strict compliance with the appellate mandate and functions as nothing more than a specific application of the law of the case doctrine. *Id.* (citations and internal quotations omitted).

While the Eleventh Circuit has not addressed this issue in a published opinion, there are numerous unpublished decisions holding that administrative *res judicata* does not apply where a previous disability determination adjudicated a different time period. *See, e.g.*, *Diaz v. Comm'r of Soc. Sec.*, 828 F. App'x 560, 562-63 (11th Cir. 2020) (per curiam) ("Because the ALJ's disability determination in the instant case was based on an unadjudicated period of time, the ALJ was not bound by *res judicata* principles and did not err in failing to consider the findings of the prior ALJ decision or in failing to defer to the previous RFC findings."); *Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 888 (11th Cir. 2020) (per curiam) ("Any earlier proceeding that found or rejected the onset of disability could rarely, if ever, have actually litigated and resolved whether a person was disabled at some later date.")

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

(citations and quotations omitted); *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014) ("The proceeding at issue here did not address this time period, and the prior decision did not finally adjudicate any issues or facts that were raised in this proceeding. Under such circumstances, administrative res judicata does not apply."); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (per curiam) ("Because McKinzie's instant application concerned an unadjudicated time period, the ALJ did not err in declining to give preclusive effect or defer to a prior finding that McKinzie could not use her arms or hands repetitively."); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) (per curiam) ("Because the factual time period for [the claimant]'s current application is different from her previous application, administrative res judicata does not apply.").

Moreover, under the regulations, the application of *res judicata* in the administrative context for Social Security disability appeals occurs when the SSA has made a previous determination or decision about a claimant's rights on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action. 20 C.F.R. § 416.1457(c)(1). Although the Eleventh Circuit has not addressed this issue in a published opinion, in *Randolph v. Astrue* it pointed to the Acquiescence Rulings issued by the Commissioner regarding such determinations from other circuits, which indicate that the SSA's policy is as follows:

> if a determination or decision on a disability claim has become final, the Agency may apply administrative *res judicata* with respect to a subsequent disability claim … if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the

> subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative *res judicata*. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period. SSA does not adopt findings from the final determination or decision on the prior disability claim in determining whether the claimant is disabled with respect to the unadjudicated period.

291 F. App'x 979, 981 (11th Cir. 2008) (quoting Acquiescence Ruling (AR) 97-4(9) and citing AR 94-2(4), & AR 98-4(6)).

In the instant case, contrary to Plaintiff's argument, administrative *res judicata* does not apply to Plaintiff's claim. Plaintiff previously applied for SSI in March 2014, alleging an onset date of January 1, 2013 (Tr. 89). An ALJ issued the June 2016 Decision, finding that Plaintiff was not disabled (Tr. 86-105). The Appeals Council declined to review the ALJ's decision, thus the June 2016 Decision became final (Tr. 106-11). The instant case arises from Plaintiff's SSI application submitted on August 29, 2017, alleging an onset date of January 1, 2013 (Tr. 283). Subsequently, Plaintiff amended his alleged onset date to August 29, 2017 (Tr. 15, 48). Therefore, Plaintiff's claim did not involve the same period adjudicated in the previous decision, thereby preventing the application of *res judicata*. For these reasons, the ALJ was not bound by the June 2016 Decision.

Furthermore, the ALJ's finding that Plaintiff was not as limited as the previous decision is supported by substantial evidence. In November 2017, Plaintiff attended a physical examination with consultative examiner Dr. Eniola Owi (Tr.

483-89). At the examination, Plaintiff reported pain at the lateral forearm into all the digits of the left hand for five minutes intermittently throughout the day (Tr. 484). On examination, Dr. Owi noted that Plaintiff had mild atrophy of the left arm, with discomfort of the shoulder with motion (Tr. 485). Plaintiff's fingers on his left hand were held in extension with wrist in flexion (Tr. 485). Plaintiff also reported discomfort in the fingers of the left hand on passive flexion (Tr. 485). Dr. Owi noted that Plaintiff's range of motion was decreased in the left shoulder and left wrist (Tr. 485). Moreover, light touch sensation was decreased in the lateral left upper arm and at the third and fifth digits, and absent at the left first and second digits (Tr. 485). However, Plaintiff's strength was 5/5 at the right elbow and 4/5 at the left elbow and no tenderness to palpation (Tr. 485). Plaintiff could write, dress himself, turn a door handle, and grip (Tr. 485). Dr. Owi assessed residual loss of motion of the left arm and weakness of the left arm and hand status post multiple injuries secondary to an explosion at a power plant in 1999 (Tr. 485). The ALJ also considered the Plaintiff's vocational rehabilitation evaluation by a counselor, which concluded that Plaintiff appeared to have some limited mobility and gripping issues with his left arm and hand (Tr. 531). However, the counselor opined that Plaintiff was capable of successfully performing a variety of representative jobs, including returning to his previous employment in the food service (Tr. 532-33). Although the ALJ noted that the vocational evaluation occurred months before the alleged onset date and the vocational evaluator is not an acceptable medical source, the ALJ found the counselor's assessment somewhat persuasive as it was well supported by

specific observations and testing results noted in connection with the evaluation (Tr. 33). Additionally, the ALJ noted that Plaintiff had not alleged any upper extremity, wrist, or hand pain in his initial application (Tr. 27). In his function report, Plaintiff reported no problem with personal care (Tr. 321).

Based on the foregoing, the ALJ was not bound by the previous RFC determination and substantial evidence supports the ALJ's findings.

### B. Duty to Develop the Record

Plaintiff next argues that the ALJ failed to comply with her duty to fully and fairly develop the record. Although Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269; 20 C.F.R. § 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. § 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the

record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

Plaintiff argues that the ALJ failed to develop the record as to his physical limitations using his left arm and should have recontacted the consultative examiner and requested that the examiner give an opinion as to Plaintiff's physical RFC. Alternatively, Plaintiff argues, the ALJ should have utilized a medical advisor, or at least sent interrogatories to a medical expert to give an opinion. Moreover, Plaintiff argues that the ALJ should have obtained the medical records and opinion from his previous claims file in order to make a fully informed decision. However, Plaintiff fails to show that the record contains evidentiary gaps that resulted in unfairness or clear prejudice. Rather, the record contains sufficient evidence for the ALJ to evaluate Plaintiff's ability to use his left upper extremity and that substantially supports the RFC determination.

As discussed above, Dr. Owi noted that Plaintiff had mild atrophy of the left arm, with discomfort of the shoulder with motion and that Plaintiff's range of motion was decreased in the left shoulder and left wrist (Tr. 485). However, Plaintiff's strength was 5/5 at the right elbow and 4/5 at the left elbow (Tr. 485). Dr. Owi assessed residual loss of motion of the left arm and weakness of the left

arm and hand status post multiple injuries secondary to an explosion at a power plant in 1999 (Tr. 485). The ALJ also considered the Plaintiff's vocational rehabilitation evaluation by a counselor, which concluded that Plaintiff appeared to have some limited mobility and gripping issues with his left arm and hand (Tr. 531). However, the counselor opined that Plaintiff was capable of successfully performing a variety of representative jobs, including returning to his previous employment in the food service (Tr. 532-33). Additionally, the ALJ noted that Plaintiff had not alleged any upper extremity, wrist, or hand pain in his initial application (Tr. 27).

To the extent that Plaintiff argues that the ALJ was somehow required to obtain an opinion about his physical limitation, such argument is without merit. While the ALJ may review and find persuasive a medical opinion regarding a claimant's limitations, assessing a claimant's RFC is the responsibility of the ALJ and should be based on a review of the entire record. Plaintiff does not cite to any persuasive or binding authority to support his proposition that the ALJ was required to obtain opinion evidence about Plaintiff's physical limitations as specifically related to the RFC limitations. Rather, the Court is persuaded that the task of determining a claimant's RFC and ability to work rests with the ALJ, not a medical source. *See Moore v. Soc. Sec. Admin., Comm'r,* 649 F. App'x 941, 945 (11th Cir. 2016); *Castle v. Colvin,* 557 F. App'x 849, 853 (11th Cir. 2014) ("Contrary to the district court's reasoning, the ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC."); *Robinson v. Astrue,* 365 F. App'x 993, 999 (11th Cir.

2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors.").

Additionally, as the ALJ noted, the instant RFC is different from the June 2016 Decision in that in the previous RFC, Plaintiff was found to be capable of a range of light exertional work activity with no use of his left arm and only occasional balancing, stooping, kneeling, crouching, and crawling (Tr. 94). However, the ALJ deviated from the previous RFC because the current medical evidence of record reflected that Plaintiff was able to use his left arm and hand for frequent reaching, handling, fingering, and feeling as evidenced by the record (Tr. 33).

Based on the foregoing, the ALJ's RFC determination is supported by substantial evidence and Plaintiff has failed to show that there were any evidentiary gaps that resulted in unfairness or clear prejudice.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of September, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record